UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLOTTE R. KELLER,<br><br>   Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART, Commissioner,<br>Social Security Administration,<br><br>   Defendant. | CASE NO.   C05-5471RBL<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for April 7, 2006 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff, Charlotte Keller, was born in 1955 and was 49 years old at the date of the administration's final decision. She obtained a high school education (Tr. 15). She has past relevant work experience including light, semi-skilled work as a general clerk and care provider, and sedentary skilled work as a manager of a women's shelter, a bookkeeper and a programmer (Tr. 15, 73-80).

Ms. Keller attempted to file an application for Social Security Disability benefits on May 31, 2001, but was unable to complete the paperwork. (Tr. 48- 50, 450). Ms. Keller protectively filed an application for Social Security Disability Benefits on December 9, 2002, alleging that she has been disabled under the

Social Security Act (Tr. 51-53). She alleges disability since April 15, 1996, due to diabetes with neuropathy, bilateral ulnar epicondylitis, morbid obesity, sleep apnea, decreased concentration, depression, and a mixed personality disorder with passive-aggressive, dependent and schizoid features (Tr. 15). Her application was denied initially, on reconsideration, and also by an Administrative Law Judge (ALJ), in a decision dated October 8, 2004. (Tr. 12-22). Ms. Keller requested review by the Appeals Council which, on May 11, 2005, denied her request for review, leaving the decision of the ALJ as the final decision of the Commissioner. (Tr. 5-8).

Plaintiff raises several issues in her opening brief. After carefully reviewing the parties' arguments and the administrative record, the undersigned agrees with Plaintiff's contention that the ALJ failed to properly consider her anxiety disorder, arthritis, and sleep apnea as "severe" impairments. Having concluded that the ALJ erred in the consideration of Plaintiff's "severe" impairments at step-two of the five-step evaluation process, it is unnecessary for the court to review the remaining issues raised by Plaintiff, since the error at step-two requires a remand to the administration for complete reconsideration of the record.

## DISCUSSION

This Court must uphold the Secretary's determination that plaintiff is not disabled if the Secretary applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

A. THE ALJ ERRED WHEN HE FAILED TO INCLUDE MS. KELLER'S ANXIETY DISORDER, ARTHRITIS, AND SLEEP APNEA AS "SEVERE" IMPAIRMENTS

Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a),

REPORT AND RECOMMENDATION
Page - 2

1  416.921(a).  The  Social Security Regulations and Rulings, as well as case law applying them, discuss the
2  step-two severity determination in terms of what is "not severe."  According to the Commissioner's
3  regulations, "an impairment is not severe if it  does not significantly limit [the claimant's] physical ability to
4  do basic work  activities,"   20 C.F.R. §§ 404.1520(c),   404.1521(a)(1991).  Basic work activities are
5  "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting,
6  pushing, pulling, reaching,  carrying or handling."  20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28
7  ("SSR 85-28").  An impairment or combination of impairments can be found "not severe" **only** if the
8  evidence establishes a slight abnormality that  has "no more than a minimal effect on an individuals ability to
9  work."  *See* SSR  85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1998) (adopting SSR
10  85-28)(emphasis added).

11         Here, the ALJ stated, "[He] determined, based on a review of all of the evidence, including
12  testimony at the hearing, that some of the impairments alleged are not severe within the ambit of the
13  Regulations" (Tr. 17).  The ALJ concluded that Ms. Keller's diabetes, bilateral ulnar epconylitis, obesity,
14  depression, and mixed personality disorder were considered "severe" (Tr. 21).  The ALJ discounted
15  plaintiff's sleep apnea, stating the medical record demonstrated she was adjusting well to her prescribed
16  CPAP machine (Tr. 17).  The ALJ did not address the medical records supporting severe impairments
17  based on a anxiety disorder or arthritis.

18         The medical evidence from Dr. Schneider, Dr. Pieper, and Dr. Vilhauer support a finding that Ms.
19  Keller's anxiety, arthritis, and sleep apnea have more than a minimal effect on Ms. Keller's ability to work.
20  Ms. Keller was evaluated by Robert E. Schneider, Ph.D., on June 3, 2002.  Dr. Schneider diagnosed Ms.
21  Keller with major depression: chronic; generalized anxiety disorder; and mixed personality disorder with
22  passive aggressive, passive dependant and schizoid features. He rated her GAF at 40.5 (Tr. 164).  In a
23  treatment note dated December 20, 2002, Rosann Pieper, Ph.D., also assessed Ms. Keller as having chronic
24  depression, anger, and anxiety (Tr. 170).

25         In a treatment note dated July 23, 2003, Dr. Vilhauer diagnosed Ms. Keller with back pain, likely
26  arthritis related with possible muscle spasm; and right knee pain. (Tr. 391).  An x-ray report dated July 23,
27  2003, showed evidence of transitional lumbar sacral area at L5-S1 with significant arthritic changes
28  associated with this (Tr. 411). Finally, in a treatment note dated May 20, 2004, Dr. Vilhauer noted that Ms.

1  Keller had just been diagnosed with obstructive sleep apnea and had just started CPAP a week

2  ago and was getting used to it. Dr. Vilhauer noted that Ms. Keller had not yet noticed a difference in her

3  daytime somnolence (Tr. 356).

4       Based on the standards noted above, Ms. Keller presented sufficient evidence to support a finding

5  that her anxiety, arthritis, and sleep apnea have more than a minimal effect on Ms. Keller's ability to work.

6  The ALJ erred when he disregarded or discredited these medical conditions when he evaluated Ms. Keller's

7  application for disability insurance benefits.

8       After reviewing the arguments presented, the court finds the matter should be remanded for further

9  proceedings.  Further proceedings are necessary because there are outstanding issues that must be resolved

10  before a finding of disability can be made, such as Ms. Keller's residual functional capacity when the ALJ

11  includes all of her severe impairments, Ms. Keller's ability to possibly perform other jobs in the national

12  economy, and because the administration must take into account her date last insured, December 20, 2001,

13  on review the ALJ must make a determination of onset date for each of her various alleged severe

14  impairments and the severity during the relevant time period.   Furthermore, on remand, plaintiff may raise

15  all of her arguments and any other issues to support her application for disability benefits.

16  <u>CONCLUSION</u>

17       Based on the foregoing, the court should REMAND the matter for further consideration by the

18  administration.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

19  the parties shall have ten (10) days from service of this Report to file written objections. *See also*

20  Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.

21  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is

22  directed to set the matter for consideration on **April 7, 2006**, as noted in the caption.

23       DATED this 14th day of March, 2006.

24

25                       */s/ J. Kelley Arnold*
                      J. Kelley Arnold
26                       U.S. Magistrate Judge

27

28

REPORT AND RECOMMENDATION
Page - 4